UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHANNON LEE, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) Case No. 12-cv- ) |
| v. | ) ) PLAINTIFFS' CLASS ACTION |
| THR & ASSOCIATES, Inc. (d/b/a TREASURE HUNTERS ROADSHOW), JEFFREY A PARSONS, MIKE DELONG, and JASON DELONG, | ) COMPLAINT (JURY TRIAL ) DEMANDED) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

PLAINTIFF, SHANNON LEE, individually and on behalf of all other similarly situated persons, by and through her attorneys, and complaining of the Defendants, THR & ASSOCIATES, INC., JEFFREY A PARSONS, MIKE DELONG, and JASON DELONG (collectively "Defendants"), and states as follows:

### SUMMARY OF THE CASE

1. Plaintiff brings this nationwide collective action for herself and other similarly-situated employees to recover unpaid overtime compensation, liquidated damages, back pay, interest, other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* (FLSA). The Representative Plaintiff has filed an opt-in consent form to join this lawsuit. *See* Attached Exhibits A.  Additionally, six other similarly situated employees filed opt-in consent forms to join this lawsuit. *See* Attached Exhibits B-K.

2. Plaintiff and others similarly situated were employed by Defendants during the statutory period in various geographic locations across the United States.

3. Plaintiff and the individuals she seeks to represent were employed by Defendants during the statutory period and given job titles such as "Managers," "Buyers," and "Auditors."

4. Regardless of job title or geographic location, Plaintiff and the individuals she seeks to represent were subject to the same or similar pay plan.

5. Specifically, Defendants purported to pay Plaintiff and the individuals she seeks to represent a weekly "salary," but in actuality paid them as hourly, non-exempt employees. The purported "salary" paid by Defendants does not satisfy the legal requirements for a true salary under the FLSA because, among other things, Plaintiff and the individuals she seeks to represent were paid only for the days they actually worked. For example, Plaintiff and the individuals she seeks to represent were and continue to be subject to a policy and practice whereby Defendants do not pay them for days or portions of days not actually worked.

6. Plaintiff and the individuals she seeks to represent were not exempt from the requirements of the FLSA.

7. Throughout her employment, Plaintiff and the individuals she seeks to represent regularly worked more than 40 hours per workweek.

8. Defendants managed Plaintiff and the individuals she seeks to represent's work, including but not limited to, the amount of time worked and the compensation paid. The Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies and practices.

9. Defendants suffered and permitted Plaintiff and the individuals she seeks to represent to regularly work more than 40 hours per week without proper overtime compensation.

10. Defendants failed to pay Plaintiff and the individuals she seeks to represent time and one-half for all work performed in excess of 40 hours per workweek, in violation of the FLSA. As a result of Defendants' unlawful practice, Plaintiff and the putative class members suffered a loss of wages.

11. Defendants failed to comply with the mandatory and exclusive duty under the FLSA to make and maintain accurate records of the time actually worked by the Plaintiff and the individuals she seeks to represent.

12. Defendants' practices violated the FLSA. As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

13. Plaintiff and the individuals she seeks to represent were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiff and the individuals she seeks to represent in accordance with the requirements of the FLSA and Illinois wage laws, Plaintiff and the individuals she seeks to represent suffered lost wages and other damages.

## PARTIES, VENUE AND JURISDICTION

14. At all times relevant, Plaintiff SHANNON LEE was a resident of Florida and was given the titles of "manager" and "buyer" by Defendants during the applicable statute of limitations period. SHANNON LEE did not receive overtime pay for time worked in excess of 40 hours in given workweeks.

15. At all times relevant, Defendant, THR & ASSOCIATES, INC. was an Illinois corporation which maintains offices and does business in the State of Illinois, including this judicial district and throughout the United States. Defendant THR & ASSOCIATES, INC. is, and was at all relevant times, an "employer" within the meaning of the FLSA. 29 U.S.C. §203(d). Defendant THR & ASSOCIATES, Inc. is also an "enterprise" as defined by Section 3(r) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 3(s)(1)(A).

16. Defendant THR & ASSOCIATES, INC.' annual gross volume of sale made or business done has exceeded $500,000, exclusive of excise taxes, in the years, 2009, 2010, and 2011.

17. At all times relevant, Defendant JEFFREY A. PARSONS was President and Chief Executive Officer of Defendant THR & ASSOCIATES, Inc.. In these capacities, PARSONS is involved in the day to day business operations of THR & ASSOCIATES, INC. and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff and the individuals she seeks to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff and other similarly-situated employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, PARSONS acted and had responsibility to act on behalf and in the interests of THR & ASSOCIATES, INC. in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not

4

pay Plaintiff and other similarly-situated employees and overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant PARSONS has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

18. At all times relevant, Defendant MIKE DELONG was a Vice President of THR & ASSOCIATES, INC.. In this capacity, MIKE DELONG is involved in the day to day business operations of THR & ASSOCIATES, INC. and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff and the individuals she seeks to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff and other similarly-situated employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, MIKE DELONG acted and had responsibility to act on behalf and in the interests of THR & ASSOCIATES, INC. in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff and other similarly-situated employees and overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant MIKE DELONG has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

19. At all relevant times, Defendant JASON DELONG was a Vice President of THR & ASSOCIATES, INC.. In this capacity, JASON DELONG is involved in the day to day business operations of THR & ASSOCIATES, INC. and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff and the individuals she seeks to represent in this case, the authority to sign on

corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff and other similarly-situated employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, JASON DELONG acted and had responsibility to act on behalf and in the interests of THR & ASSOCIATES, INC. in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff and other similarly-situated employees and overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant JASON DELONG has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

20. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## COUNT I

### UNPAID WAGES/OVERTIME UNDER THE FLSA

22. SHANNON LEE brings this case as a collective action on behalf of herself and other similarly-situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

23. The proposed collective class of similarly-situated persons is defined as:

> "All individuals who were employed, or are currently employed, by the Defendants, their subsidiaries or affiliated companies, and given the title of "manager", "buyer", "auditor", or other similarly-titled position at any time during the relevant statute of limitations period."

24. This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, hours worked, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

25. Defendants encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than forty (40) hours per week without the proper overtime compensation, despite the requirements of Section 207(a)(1) of the FLSA.

26. Defendants knew or should have known that the Representative Plaintiff and the collective class performed work that required overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiff and the collective class of wages and/or overtime compensation.

27. Defendants' conduct, as alleged herein, was willful and has caused significant damage to the Representative Plaintiff and the collective class.

28. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

29. Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SHANNON LEE, individually and on behalf of all others similarly situated, by and through her attorneys, request a judgment against the Defendants, THR & ASSOCIATES, INC., JEFFREY A PARSONS, MIKE DELONG, and JASON DELONG, each of them, and in favor of the Plaintiff and all others similarly

situated, jointly and severally, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, and as follows:

A. Certify an FLSA collective action;

B. Order the Defendants to file with this Court and furnish to Plaintiff's Counsel a list of all names and addresses of all persons given the title of "manager", "buyer", "auditor" or any other similarly-titled position who were employed by the Defendants within the last three years;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all persons given the title of "manager", "buyer",, "auditor" or any other similarly titled position who were employed by the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Declare and find that the Defendants violated the FLSA by failing to pay overtime wages to Plaintiff and the collective class;

E. Declare and find that the Defendants willfully violated the FLSA by failing to pay overtime wages to Plaintiff and the collective class;

F. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

G. Award liquidated damages on all regular and overtime compensation due to Plaintiff and the collective class;

H. Award all costs and attorney's fees incurred prosecuting this claim;

I. Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J. Such other relief that is equitable.

Plaintiffs request a trial by jury.

Respectfully Submitted,

/s/Douglas J. Quivey
Douglas J. Quivey, Bar Number: 6225888
Attorney for Plaintiffs
Londrigan, Potter, & Randle, P.C.
1227 South Seventh Street
P.O. Box 399
Springfield, IL 62705
217/544-9823
217/544-9826 (fax)
doug@lprpc.com