**E-FILED**
Friday, 13 April, 2012  10:35:10 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHANNON LEE and CONNIE ROBINSON Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> THR & ASSOCIATES, Inc. (d/b/a TREASURE HUNTERS ROADSHOW), JEFFREY A PARSONS,  MIKE DELONG, and JASON DELONG, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.  12-cv-3078 <br><br> PLAINTIFFS' CLASS ACTION COMPLAINT (JURY TRIAL DEMANDED) |

## AMENDED COMPLAINT

PLAINTIFFS, SHANNON LEE and CONNIE ROBINSON, individually and on behalf of all other similarly situated persons, by and through their attorneys, and complaining of the Defendants, THR & ASSOCIATES, INC., JEFFREY A PARSONS, MIKE DELONG, and JASON DELONG (collectively "Defendants"), and state as follows:

### SUMMARY OF THE CASE

1. Plaintiffs bring this nationwide collective action for themselves and other similarly-situated employees to recover unpaid overtime compensation, minimum wages, liquidated damages, back pay, interest, other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* (FLSA).  The Representative Plaintiffs previously filed opt-in consent forms to join this lawsuit.  Other similarly-situated employees have also filed opt-in consent forms to join this lawsuit.

2.  Plaintiffs and others similarly situated were employed by Defendants during the statutory period in various geographic locations across the United States.

3.  Plaintiffs and the individuals they seek to represent were employed by Defendants during the statutory period and given job titles such as "Buyers," "Auditors" and "Managers."

4.  Plaintiffs bring claims on behalf of three distinct classes: (1) a class consisting of employees who were given the title of "Buyer" or "Auditor"; (2) a class consisting of employees who were given the title of "Manager"; and, (3) a class consisting of employees who went through Defendants' training program.  The classes are not mutually exclusive.  Some employees are members of one or more of the three classes.

5.  Regardless of job title or geographic location, Plaintiffs and the individuals they seek to represent were all subject to the same or similar pay plan.

6.  Specifically, Defendants purported to pay Plaintiffs and the individuals they seek to represent a weekly "salary," but in actuality paid them as hourly, non-exempt employees.

7.  The purported "salary" paid by Defendants does not satisfy the legal requirements for a true salary under the FLSA because, among other things, Plaintiffs and the individuals they seek to represent were paid only for days actually worked.  For example, Plaintiffs and the individuals they seek to represent were and continue to be subject to a policy and practice whereby Defendants make pay deductions for days or portions of days not actually worked.

8.  Pursuant to their companywide policy and practice, Defendants make deductions from the pay of Plaintiffs and those they seek to represent for full-day absences

occasioned by Defendants or the operating requirements of the business.   Thus, Defendants have a practice of making full-day pay deductions when Plaintiffs are ready, willing, and able to perform their duties.

9.  Pursuant to their companywide policy and practice, Defendants make deductions from the pay of Plaintiffs and those they seek to represent for full-day absences occasioned by sickness or disability.

10. In addition, Defendants misclassified Plaintiffs and the individuals they seek to represent as exempt under the FLSA because they did not regularly and customarily perform the duties necessary to qualify for any exemption.

11. Plaintiffs and the individuals they seek to represent were not exempt from the overtime requirements of the FLSA.

12. Throughout their employment, Plaintiffs and the individuals they seek to represent regularly worked more than 40 hours per workweek.

13. Defendants managed the work of Plaintiffs and the individuals they seek to represent, including but not limited to, the amount of time worked and the compensation paid.  The Defendants dictated, controlled and ratified all wage and hour and related employee compensation policies and practices.

14. Defendants suffered and permitted Plaintiffs and the individuals they seek to represent to regularly work more than 40 hours in given workweeks without proper overtime compensation as required by the FLSA, 29 U.S.C. § 207(a)(1).

15. Defendants failed to pay Plaintiffs and the individuals they seek to represent time and one-half for all work performed in excess of 40 hours per workweek, in violation of

the FLSA, 29 U.S.C. § 207(a)(1).  As a result of Defendants' unlawful practice, Plaintiffs and the putative class members suffered a loss of wages.

16. Defendants failed to pay Plaintiffs and the individuals they seek to represent who went through Defendants' training program the applicable minimum wage, or any wages whatsoever, in violation of the FLSA, 29 U.S.C. § 206(a).

17. Defendants failed to comply with the mandatory and exclusive duty under the FLSA to make and maintain accurate records of the time actually worked by the Plaintiffs and the individuals they seek to represent.

18. Defendants' practices violated the FLSA.  As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

19. Plaintiffs and the individuals they seek to represent were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation.  As a result of Defendants' improper and willful failure to pay Plaintiff and the individuals they seek to represent in accordance with the requirements of the FLSA and Illinois wage laws, Plaintiffs and the individuals they seek to represent suffered lost wages and other damages.

## PARTIES, VENUE AND JURISDICTION

20. At all times relevant, Plaintiff SHANNON LEE was a resident of Florida.  At different periods during her employment with Defendants, SHANNON LEE was given the titles of "manager" and "buyer" by Defendants during the applicable statute of limitations period.  Thus, SHANNON LEE is a member of both the "manager" and "buyer" classes she seeks to represent.  SHANNON LEE did not receive overtime pay for

time worked in excess of 40 hours in given workweeks at any time during her employment with Defendants.

21. At all times relevant, Plaintiff CONNIE ROBINSON was a resident of Illinois. During her employment with Defendants, CONNIE ROBINSON was given the title of "buyer" by Defendants during the applicable statute of limitations period.   CONNIE ROBINSON went through the training program called "THR University."   Thus, CONNIE ROBINSON is a member of both "buyer" and "training" classes she seeks to represent. CONNIE ROBINSON did not receive overtime pay for time worked in excess of 40 hours in given workweeks at any time during her employment with Defendants. CONNIE ROBINSON was not paid for her time spent at THR University.

22. At all times relevant, Defendant, THR & ASSOCIATES, INC. was an Illinois corporation which maintains offices and does business in the State of Illinois, including this judicial district and throughout the United States. Defendant THR & ASSOCIATES, INC. is, and was at all relevant times, an "employer" within the meaning of the FLSA. 29 U.S.C. §203(d).  Defendant THR & ASSOCIATES, Inc. is also an "enterprise" as defined by Section 3(r) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 3(s)(1)(A).

23. Defendant THR & ASSOCIATES, INC.'s annual gross volume of sale made or business done has exceeded $500,000, exclusive of excise taxes, in the years, 2009, 2010, and 2011.

24. At all times relevant, Defendant JEFFREY A. PARSONS was President and Chief Executive Officer of Defendant THR & ASSOCIATES, Inc.  In these capacities,

PARSONS is involved in the day to day business operations of THR & ASSOCIATES, INC. and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiffs and the individuals they seek to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiffs and other similarly-situated employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, PARSONS acted and had responsibility to act on behalf and in the interests of THR & ASSOCIATES, INC. in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs and other similarly-situated employees and overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant PARSONS has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

25. At all times relevant, Defendant MIKE DELONG was a Vice President of THR & ASSOCIATES, INC. In this capacity, MIKE DELONG is involved in the day to day business operations of THR & ASSOCIATES, INC. and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff and the individuals they seek to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiffs and other similarly-situated employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, MIKE DELONG acted and had responsibility to act on behalf and in the interests of THR & ASSOCIATES, INC. in

devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs and other similarly-situated employees and overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant MIKE DELONG has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

26. At all relevant times, Defendant JASON DELONG was a Vice President of THR & ASSOCIATES, INC. In this capacity, JASON DELONG is involved in the day to day business operations of THR & ASSOCIATES, INC. and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiffs and the individuals they seek to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiffs and other similarly-situated employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, JASON DELONG acted and had responsibility to act on behalf and in the interests of THR & ASSOCIATES, INC. in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs and other similarly-situated employees and overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, Defendant JASON DELONG has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

27. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

28. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## COUNT I

### UNPAID WAGES/OVERTIME UNDER THE FLSA ON BEHALF OF THE BUYER COLLECTIVE CLASS

29. Plaintiffs adopt and incorporates all the above-stated allegations as though fully set forth herein.

30. SHANNON LEE and CONNIE ROBINSON bring this case as a collective action on behalf of themselves and other similarly-situated individuals given the title of "Buyer" or "Auditor" pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

31. The proposed collective class of similarly-situated persons under this Count is defined as:

> "All individuals who were employed, or are currently employed, by the Defendants, their subsidiaries or affiliated companies, and given the title of "Buyer" or "Auditor", or other similarly-titled position at any time during the relevant statute of limitations period." (the "Buyer Collective Class")

32. This action is properly maintained as a collective action because the Representative Plaintiffs are similarly situated to the members of the Buyer Collective Class with respect to job title, job description, hours worked, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

33. Defendants encouraged, suffered and permitted the Representative Plaintiffs and the Buyer Collective Class to work more than forty (40) hours per week without the proper overtime compensation, despite the requirements of Section 207(a)(1) of the FLSA.

34. Defendants knew or should have known that the Representative Plaintiffs and the Buyer Collective Class performed work that required overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiffs and the Buyer Collective Class of wages and/or overtime compensation.

35. Defendants' conduct, as alleged herein, was willful and has caused significant damage to the Representative Plaintiffs and the Buyer Collective Class.

36. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and the Buyer Collective Class have suffered and will continue to suffer a loss of income and other damages.

37. Defendants are liable to Plaintiffs and other members of the Buyer Collective Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II

### UNPAID WAGES/OVERTIME UNDER THE FLSA ON BEHALF OF THE MANAGER COLLECTIVE CLASS

38. Plaintiffs adopt and incorporate all the above-stated allegations as though fully set forth herein.

39. SHANNON LEE brings this case as a collective action on behalf of herself and other similarly-situated individuals given the title of "Manager" pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

40. The proposed collective class of similarly-situated persons under this Count is defined as:

> "All individuals who were employed, or are currently employed, by the Defendants, their subsidiaries or affiliated companies, and given the title of "Manager", or other similarly-titled position at any time during the relevant statute of limitations period." (the "Manager Collective Class")

41. This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the Manager Collective Class with respect to job title, job description, hours worked, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

42. Defendants encouraged, suffered and permitted the Representative Plaintiff and the Manager Collective Class to work more than forty (40) hours per week without the proper overtime compensation, despite the requirements of Section 207(a)(1) of the FLSA.

43. Defendants knew or should have known that the Representative Plaintiff and the Manager Collective Class performed work that required overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiff and the Manager Collective Class of wages and/or overtime compensation.

44. Defendants' conduct, as alleged herein, was willful and has caused significant damage to the Representative Plaintiff and the Manager Collective Class.

45. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and the Manager Collective Class have suffered and will continue to suffer a loss of income and other damages.

46. Defendants are liable to Plaintiff and other members of the Manager Collective Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT III

### UNPAID MINIMUM WAGE UNDER THE FLSA ON BEHALF OF THE TRAINING COLLECTIVE CLASS

47. Plaintiffs adopt and incorporate all the above-stated allegations as though fully set forth herein.

48. CONNIE ROBINSON brings this case as a collective action on behalf of herself and other similarly-situated individuals who went through Defendants' training program pursuant to 29 U.S.C. §216(b) to recover unpaid wages, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

49. The proposed collective class of similarly-situated persons under this Count is defined as:

> "All individuals who were employed, or are currently employed, by the Defendants, their subsidiaries or affiliated companies, and went through Defendants' training program at any time during the relevant statute of limitations period." (the "Training Collective Class")

50. This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the Training Collective Class with respect to job title, job description, hours worked, job duties, training experience, and the wage and hour violations alleged in this Complaint, amongst other things.

51. Plaintiff and other hourly THR employees completed Defendants' mandatory training program but were not properly paid minimum wage for time worked training in violation of the FLSA.

52. Defendants knew or should have known that the Representative Plaintiff and the Training Collective Class performed work that required minimum wage to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Representative Plaintiff and the Training Collective Class of wages.

53. Defendants' conduct, as alleged herein, was willful and has caused significant damage to the Representative Plaintiff and the Training Collective Class.

54. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and the Training Collective Class have suffered and will continue to suffer a loss of income and other damages.

55. Defendants are liable to Plaintiff and other members of the Training Collective Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs SHANNON LEE and CONNIE ROBINSON, individually and on behalf of all others similarly situated, by and through her attorneys, request a judgment against the Defendants, THR & ASSOCIATES, INC., JEFFREY A PARSONS, MIKE DELONG, and JASON DELONG, each of them, and in favor of the Plaintiff and all others similarly situated, jointly and severally, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, and as follows:

A.    Certify an FLSA collective action under Count I for the Buyer Collective Class;

B.    Certify an FLSA collective action under Count II for the Manager Collective Class;

C.    Certify an FLSA collective action under Count III for the Training Collective Class;

D.    Order the Defendants to file with this Court and furnish to Plaintiffs' Counsel a list of all names and addresses of all persons given the title of "Buyer", "Auditor", "Manager" or any other similarly-titled position who were employed by the Defendants within the last three years;

E.    Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all persons given the title of "Buyer", "Auditor", "Manager" or any other similarly titled position who were employed by the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

F.    Declare and find that the Defendants violated the FLSA by failing to pay overtime wages to Plaintiffs and the Buyer Collective Class;

G.    Declare and find that the Defendants violated the FLSA by failing to pay overtime wages to Plaintiff and the Manager Collective Class;

H.    Declare and find that the Defendants violated the FLSA by failing to pay minimum wage to CONNIE ROBINSON and the Training Collective Class;

I.    Declare and find that the Defendants willfully violated the FLSA by failing to pay overtime wages to Plaintiffs and the Buyer Collective Class;

J.    Declare and find that the Defendants willfully violated the FLSA by failing to pay overtime wages to Plaintiff and the Manager Collective Class;

K.    Declare and find that the Defendants willfully violated the FLSA by failing to pay minimum wage to Plaintiff and the Training Collective Class;

L.    Award compensatory damages, including all overtime pay owed, in an amount according to proof;

M.    Award liquidated damages on all overtime compensation due to Plaintiffs and the Buyer Collective Class;

N.  Award liquidated damages on all overtime compensation due to Plaintiff and the Manager Collective Class;

O.  Award liquidated damages on all overtime compensation due to Plaintiff and the Training Collective Class

P.  Award all costs and attorney's fees incurred prosecuting this claim;

Q.  Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

R.  Such other relief that is equitable.

Plaintiffs request a trial by jury.

Dated: April 12, 2012                    Respectfully Submitted,

/s/Douglas J. Quivey
Douglas J. Quivey, Bar Number: 6225888
Attorney for Plaintiffs
Londrigan, Potter, & Randle, P.C.
1227 South Seventh Street
P.O. Box 399
Springfield, IL 62705
217/544-9823
217/544-9826 (fax)
doug@lprpc.com

James B. Zouras
Ryan F. Stephan
Mark B. Goldstein
STEPHAN ZOURAS, LLP
205 North Michigan Avenue,
Suite 2560
Chicago, IL 60601
(312) 233-1550
(312) 233-1560 (fax)
jzouras@stephanzouras.com