IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SHANNON LEE and CONNIE ROBINSON Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY A. PARSONS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 12-cv-3078 ) ) ) ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Citation to Discover Assets (d/e 104) served on Defendant Judgment Debtor Jeffrey A. Parsons. This Court entered judgment in favor of the Plaintiffs and against Defendant Jeffrey A. Parsons in the sum of $12,328,811.36. Judgment in a Civil Case entered May 22, 2014 (d/e 103) (Judgment) . The Plaintiffs commenced this Citation proceeding on Parsons to discover his assets and income to pay the Judgment. The Court held three hearings on this continued Citation proceeding on July 10, 2014, August 27, 2014, and October 1, 2014.

At the conclusion of the October 1, 2014, hearing, Plaintiffs asked this Court to direct Parsons to turn over all property (hereinafter the Contents) stored in a warehouse storage facility or locker (Warehouse) located at 1805 Sealy Street, Alvin, Texas, and to deliver the Contents to a business address in Chicago, Illinois.  The Plaintiffs further asked this Court direct Parsons to pay a lump sum of $1,200,000.00 and to make ongoing monthly payments of $100,000.00.  Parsons has no objection to the turnover of the Contents, but objects to transporting the contents to Chicago.  Parsons claims he is unable to make any payments at this time.

This Court is authorized to employ the collection procedures of the state in which it sits, in this case Illinois.  Fed. R. Civ. P. 69(a).  Illinois authorizes Citation proceedings to discover a judgment debtor's assets and income and to collect the judgment from such assets and income.  735 ILCS 5/2-1402; Ill. S. Ct. R. 277.  Upon the discovery of assets and income, this Court may order the turnover of the judgment debtor's assets and order the judgment debtor to make regular payments from his available income.  735 ILCS 5/2-1402(c)(1) and (2).

Pursuant to § 5/2-1402(c)(1), this Court allows in part the Plaintiffs' request to order turnover of the Contents.  This Court hereby orders Parsons to turn over the Contents to the Plaintiffs at the location of the Warehouse.  The Court denies Plaintiffs' request to require Parsons to ship the Contents to Chicago, Illinois.

Plaintiffs can ship the Contents and recover the transportation costs from the proceeds of sale of the Contents, or liquidate the Contents in Texas and recover liquidation costs, as set forth below, from the proceeds of the sale.

The Plaintiffs are directed to notify Parsons in writing of a date and time no later than 5:00 p.m. central daylight time on October 15, 2014, that Plaintiffs, or their representatives, will take possession of the Contents. Parsons is directed to appear at the Warehouse at the time and date selected by the Plaintiffs and deliver possession of the Contents to the Plaintiffs or their representatives. The Plaintiffs are authorized to sell the Contents in a reasonable manner, to apply the proceeds first to the costs incurred in the collection and sale of the Contents, including transportation and storage costs, and then to apply the remaining proceeds of sale to pay down the Judgment.

The Court reserves ruling at this time on the Plaintiffs' request for a lump sum payment and ongoing monthly payments. The Plaintiffs' request for payments will require additional time to analyze the evidence presented. The Court enters this Opinion regarding the Contents separately to avoid any further delay in the collection and sale of the Contents to pay down some portion of the judgment.

ENTER: October 2, 2014

                              *s/ Tom Schanzle-Haskins*
                              UNITED STATES MAGISTRATE JUDGE